IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAREN FARRELL  :  CIVIL ACTION
:
    v.  :
:
SCHOOL DISTRICT OF SPRINGFIELD  :  NO.  15-CV-6437
TOWNSHIP and JASON GATTUSO  :

## MEMORANDUM AND ORDER

Ditter, J.      August 17, 2016

    This case begins with a game of touch football played at Springfield Township Middle School in Montgomery County, Pennsylvania, on November 29, 2011. Defendant, Jason Gattuso, a teacher, was leading a class in the game.  S. F., plaintiff Karen Farrell's twelve year old son was in the class.  At some point in the game, Gattuso ran into S.F., and though not immediately evident, S.F. suffered a serious concussion resulting in continuing injury.

    Mrs. Farrell originally brought suit against Gattuso and the Springfield Township School District for S.F.'s injury in the Court of Common Pleas of Montgomery County. She alleged two counts of negligence and the defendants responded by asserting immunity under to the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541, *et seq*.  When discovery revealed no defects to the football field, Mrs. Farrell amended her complaint to recast her claims as federal civil rights violations for a state-created danger and a state claim for the intentional tort of battery.  Thereafter, the defendants removed the case to this court and have filed a motion to dismiss.

For the reasons that follow, the defendants' motion to dismiss is granted in part and denied in part.

I. Standard of review

It is well-established that to survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must assert facts, which accepted as true, are sufficient to state a plausible claim. I need not consider allegations that constitute legal conclusions or conclusory factual allegations devoid of any reference to actual facts. However, I must accept as true all reasonable inferences that may be drawn from the allegations and view those facts in the light most favorable to the non-moving party.

II. Discussion

In her amended complaint, Mrs. Farrell alleges Gattuso violated her son's constitutional right to bodily integrity and the District is also responsible for this violation pursuant to 42 U.S.C. § 1983. She also raises a state claim of battery against Gattuso. I will discuss each claim separately.

A. *Right to bodily integrity*

To state a claim under 42 U.S.C. § 1983, a plaintiff must plead deprivation of a constitutional right and that the deprivation was caused by a person acting under color of state law. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008). Included in these protected rights is an individual's liberty interest in personal bodily integrity. *Id*.

Here, Mrs. Farrell seeks to recover against Gattuso under the "state-created danger" theory. To do so, she must plead that: 1) the harm was foreseeable and fairly direct; 2) the state actor acted with a degree of culpability that shocks the conscience; 3) there existed some relationship between the state and the plaintiff; and 4) the state actor

used his authority to create a danger that otherwise would not have existed.

Defendants assert Mrs. Farrell has failed to establish the second prong of the state-created danger theory because Gattuso's conduct, playing a game of touch football, cannot be found to "shock the conscience." *M.U. v. Downingtown High School East*, 103 F. Supp. 3d 612, 621 (E.D. Pa. 2015). The amended complaint alleges the following facts. Gattuso participated in a game of touch football with Mrs. Farrell's 12 year-old son and other students in his class and that "[w]hile running at full speed, Gattuso struck the left side of minor plaintiff's head with his right forearm." *Am. Cmplt.* ¶¶ 8, 9. Gattuso is described as six feet two inches tall and weighing 220 pounds, about twice the weight of S.F. *Id.* ¶ 28. Gattuso is a former college football player and was able to run at above average speed. *Id.* ¶ 29.

Defendants argue that it doesn't shock the conscience that Gattuso was playing touch football with students. I agree. What does shock the conscience is that an ex-football player would run toward a group of young boys half his size, elbows extended. That he might hit one of them is almost a foregone conclusion.

Considering the facts in the light most favorable to the plaintiff, I find Mrs. Farrell has plead sufficient facts to raise the reasonable expectation that discovery may reveal proof of her allegation that Gattuso should have known his participation in the game and running at full speed among children might well result in injury, and these facts are sufficient to satisfy the second prong of the state created danger theory of liability at this stage of the proceedings.[1]

---

[1] Defendants do not challenge the sufficiency of the evidence to support the other three prongs of the state-created danger theory.

The motion to dismiss Count II of the amended complaint will be denied.

B.  *Municipal liability*

In the amended complaint, Mrs. Farrell alleges the District had knowledge that Gattuso was supervising touch football games involving middle school children, and that he was participating in the games despite the inherently dangerous nature of his participation.  *Am. Cmplt.* ¶ 39.  She also believes that one other student was injured by Gattuso in a separate touch football game.  *Id.* ¶ 40.  Mrs. Farrell contends the District was deliberately indifferent to this dangerous activity by authorizing or acquiescing in Gattuso's participation in touch football games and by its failure to properly train, supervise and instruct Gattuso.

When a §1983 claim is brought against a municipality, I must consider two issues: 1) whether the plaintiff's harm was caused by a constitutional violation; and 2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 120 (1992).  Because a municipality cannot be held liable under a theory of *respondeat superior* or vicarious liability, I must first determine "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  If there is no causal link, the municipality is not liable even if plaintiff's constitutional rights have been violated.  *Collins*, 503 U.S. at 122.

"Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict."  *See Watson v. Abington Twp.,* 478 F.3d 144, 155 (3d Cir. 2007) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)).  Custom can be proven by

showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.  *Id.* at 156 (citing *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)).  Thus, custom may be established by proof of knowledge and acquiescence.  *Id.* (citing *Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989)).  Under either theory of liability, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom."  *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

Although Mrs. Farrell alleges knowledge that Gattuso was a participant in touch football games, she does not allege that the District knew Gattuso was running at students.  As I have previously pointed out, S.F. was not injured because Gattuso was a participant in the game but because of what he did as a participant.  Mrs. Farrell has failed to identify any policy or custom of the District that resulted in S.F.'s injury.

The motion to dismiss Count III will be granted.

C.  *State Claim - Battery*

In Pennsylvania, a battery occurs when a person "acts intending to cause a harmful or offensive contact with the person of another or a third person, or an imminent apprehension of such contact, and . . . a harmful contact with the person of the other directly or indirectly occurs."  *Sciotto v. Marple Newtown Sch. Dist.,* 81 F. Supp. 2d 559, 557 (E.D. Pa. 1999) (quoting *Restatement (Second) of Torts,* § 13 (1965)).  Here, the intentional act alleged is that Gattuso "knowingly participated in the contact sport of touch football with minor plaintiff and the other children involved in the game."  *Am. Cmplt.* ¶ 24.

Gattuso was playing a game of touch football with a group of students, a game that does not contemplate harmful contact. There is no assertion that he intended to cause a harmful or offensive contact with S.F., only that he intended to play a game that typically limits contact to a touch. The contact here was accidental and may support a claim of negligence but not the intentional tort of battery.

The motion to dismiss Count I will be granted.

III. Conclusion

After consideration of the amended complaint in the light most favorable to the plaintiff, I find the § 1983 claim against Gattuso (Count II) shall proceed. The motion to dismiss Count I and III is granted.

An appropriate order follows.